IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | Cr. No. 3:08-590 (CMC) |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Darren Bates, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion for the court to "recommend" six months' home confinement pursuant to the Second Chances Act, 42 U.S.C. § 17541(a). ECF No. 1632. Defendant seeks the court's recommendation that he spend the last six months of his period of incarceration on home detention. Mot. at 1.

Defendant is correct that the United States Bureau of Prisons takes into account a court's recommendation regarding the place of incarceration. However, Defendant's motion seeks modification of the sentence imposed April 23, 2009, which is different from a recommendation regarding the place of incarceration. Rule 35(a) of the Federal Rules of Criminal Procedure permits a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days after the oral announcement of the sentence. See Rules 35(a) and (c), Fed.R.Crim.P. The sentence was orally announced on April 23, 2009, and, accordingly, the deadline for any action by the court on a Rule 35(a) motion has passed. Therefore, the court is without jurisdiction to act upon Defendant's motion in this regard.

Apart from Rule 35(a), a district court has no jurisdiction to alter a defendant's term of imprisonment except as authorized by 18 U.S.C. § 3582 or 18 U.S.C. § 3742. Defendant's sentence was recently reduced under Amendment 782 to the guidelines under 18 U.S.C. § 3582(c)(2). Other

1

than this reduction, the court has no authority in this case to reduce Defendant's sentence.

Defendant's motion is denied.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 15, 2015